IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONALD GRAHAM, | ) |
| Plaintiff, | ) Civil Action No. 7:05cv00596 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| WARDEN TRACY RAY, et al., | ) By: Jackson L. Kiser |
| Defendants. | ) Senior U.S. District Court Judge |

This matter is before the court on plaintiff's complaint filed pursuant to 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Upon review of court records, I find that this action must be dismissed without prejudice pursuant to 28 U.S.C. §1915(g).[1]

By order entered April 29, 2002, in Civil Action No. 7:02cv00617, Graham v. Owens, plaintiff was advised he had "three strikes" within the meaning of 28 U.S.C. § 1915(g) and would no longer be able to file any civil action without prepayment of the required filing fee unless he demonstrates that he is under imminent danger of serious injury. Plaintiff has filed with his present complaint an in forma pauperis affidavit in an apparent attempt to circumvent the requirement that he prepay the $250.00 filing fee.

In his complaint, plaintiff alleges that correctional officers have threatened him with physical force and have threatened to make false claims regarding his mental health, refuse to transfer him to a half-way house or buy him a bus ticket to New York City, and have made it difficult for his brother to "come and get" him. Additionally, plaintiff claims he has been denied access to the court

---

[1] Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee,
if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

and has been questioned by a mental health professional due to correctional officers' false statements regarding his mental health. After having reviewed the complaint, I do not find that Graham states any claims from which it could be concluded that he is presently at imminent risk of serious physical harm related to an ongoing violation of his constitutional rights.

Although plaintiff states that correctional officers have threatened him with physical harm, he has not provided any evidence which suggests that he is actually in imminent danger of harm. Plaintiff's allegations do not make reference to any specific correctional officer or dates on which he was threatened, plaintiff has not presented any evidence establishing that he has exhausted his administrative remedies as to these threats, nor is there even any evidence which suggests that plaintiff has ever reported being threatened or requested that he be transferred to another housing unit based on these threats. Accordingly, I find that plaintiff's allegation that he is under threat of imminent physical harm due to correctional officers alleged threats to be incredible. White v. State of Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998).

Based on the foregoing, I am of the opinion that plaintiff has three "strikes" within the meaning of §1915(g) and that he has failed to demonstrate any imminent danger of serious physical harm sufficient to allow him to proceed in forma pauperis without prepayment of the $250.00 filing fee. Accordingly, plaintiff's complaint, motion to proceed in forma pauperis, and motion for a preliminary injunction on this action shall be denied pursuant to § 1915(g) and this action shall be dismissed.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 30 TH day of September, 2005.

Senior U.S. District Court Judge